# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DARREL E. HUFFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:07CV817 TIA |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Hufford's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was randomly assigned to the undersigned pursuant to this Court's case assignment program. Both parties have given their consent to having this case tried by a magistrate judge, and the undersigned therefore has jurisdiction to enter judgment in this case pursuant to 28 U.S.C. § 636(c). Accordingly, for the reasons set forth below, the petition will be denied and the Court will not issue a certificate of appealability.

### Background

The facts of this case, as recited by the Missouri Court of Appeals, are as follows:

> Lorissa Henson ("Lorissa") and her husband (collectively referred to as "the Hensons") owned a house in Butler County, Missouri. The Hensons, who were over-the-road truck drivers, asked Lorissa's father,

Thomas Berry ("Berry") to check on their house while they were away. Berry went to the house around 3:30 p.m. on July 17, 2001, and found that the back door had been broken open. He discovered that the television and stereo had been taken from an entertainment center in the living room and two couches had been moved away from the wall. Berry called the Butler County Sheriff's Department and reported the break-in. A deputy sheriff came to the property and took Berry"s statement.

Berry left the house but returned a couple of hours later to secure the broken back door with some boards. As he approached the house, he noticed a white pick-up truck parked near the house, with its hood raised, and two men standing near the front of the truck. Berry grabbed a .12 gauge shotgun from his truck and walked toward the men, asking them what they were doing. One of the men, who Berry later identified as [petitioner], told Berry that their truck had stalled and they were trying to get it started. The other man was Jerry Cooper ("Cooper"). The Hensons' brown Ford Ranger was parked in front of the white pick-up, blocking the entrance to the garage. Berry wrote down the license number of the white pick-up after removing some weeds that were concealing the license plate. He then went to a neighbor's house and called the Butler County Sheriff's Office.

After Berry left, [petitioner] removed the license plate from the truck, and he and Cooper left the property on foot. They came to a house, owned by George Wright ("Wright"), where they found a car and a pick-up truck. [Petitioner] could not find any keys for the vehicles and unsuccessfully attempted to hot-wire them. He and Cooper then walked to another house and obtained a ride from the occupant to the Wilhelmina Bar, where [petitioner] called his brother to come after them. [Petitioner's] brother came to the bar and drove them to [petitioner's] house. While there, [petitioner] told Cooper that he had broken into the Henson house earlier that day, and that he had taken the television and stereo. [Petitioner] also told Cooper that he had gone back to the Henson house to steal a riding lawn mower from the garage.

After calling authorities, Berry returned to the house with a neighbor and discovered that the two men were gone. The white pick-up was still

there, but its license plate was missing. A deputy sheriff arrived at the scene around 7:15 p.m. and took Berry's statement. The truck was later towed away.

Berry identified both [petitioner] and Cooper from a photographic line-up as the men at the house on July 17, 2001. Peggy Otto ("Otto"), owner of the Wilhelmina Bar, also identified the pair from a photographic line-up as the men who were in her bar around 11:30 p.m. on July 17, 2001.

[Petitioner] was charged by amended information, as a prior and persistent offender, with the class C felony of burglary in the second degree, a violation of Section 569.170, and two counts of the class C felony of tampering in the first degree, violations of Section 569.080.1(2). A jury found [petitioner] guilty of the two tampering charges but acquitted him of the burglary charge. He was sentenced to a term of twenty years in the department of corrections on both counts with the sentences to run concurrently. [Petitioner's] direct appeal from that conviction was unsuccessful. State v. Hufford, 119 S.W.3d 654 (Mo.App. S.D.2003). He then filed a pro se motion to vacate, set aside or correct the judgment and sentence, pursuant to Rule 29.15, which was later amended by appointed counsel. After an evidentiary hearing, the court entered its judgment and findings of fact and conclusions of law denying [petitioner's] motion.

Hufford v. Missouri, 201 S.W.3d 533, 534-35 (Mo. Ct. App. 2006).

The Missouri Court of Appeals affirmed the motion court's denial of petitioner's Rule 29.15 motion on August 29, 2006. Id. at 534. Petitioner filed the instant writ of habeas corpus on April 23, 2007.

## Grounds for Relief

The petition raises four grounds for relief:

1. That the trial court abused its discretion when it denied petitioner's motion to sever the burglary count from the two tampering counts.

2. That trial counsel was ineffective for failing to investigate and call at trial plaintiff's alibi witnesses.

3. That appellate counsel was ineffective for failing to include in the appeal all issues of merit.

4. That trial counsel was ineffective for failing to object to the prosecutor's evidence of petitioner's prior bad acts.

**Discussion**

Title 28 U.S.C. § 2254(d) places limits on the circumstances under which federal habeas relief may be granted:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## I. Ground One

Petitioner argues that his trial was prejudiced because the trial court denied his motion to sever the burglary count from the tampering counts.

The amended information on which petitioner was tried charged him with burglary of the Henson house and tampering with the two Wright vehicles. Hufford, 119 S.W.3d at 657. One week before the trial, petitioner filed a motion to sever the burglary count from the two tampering counts. Id. The trial court denied the motion. Id.

On direct appeal, petitioner argued that the burglary charge was unrelated to the tampering charges and that their joint trial would result in substantial prejudice to petitioner. In his reply to respondent's answer to the petition, petitioner argues that the prejudice arises from the fact that the jury was likely to consider the evidence of the burglary against him when considering the tampering charges. Additionally, petitioner argues that it is evident that the jury must not have believed Cooper's testimony because it did not find him guilty on the burglary count. And plaintiff believes that since Cooper's testimony was the only evidence linking him to the Wright vehicles, the jury could only have found him guilty if it combined the unrelated charges into a single prosecution.

In determining whether plaintiff's motion for severance should have been granted, the Missouri Court of Appeals considered several factors, including the number of offenses charged, the complexity of the evidence expected to be offered, and whether the jury should be able to distinguish the evidence and apply the law intelligently to each offense. Id. at 658. The appellate court then reviewed the facts of the case in light of the appropriate factors and found that the two types of offenses were discrete and uncomplicated and that the jury was not likely to be confused by the evidence. Id. Additionally, the court noted that the jury had been properly instructed and had returned separate verdicts as instructed. Id. Finally the court found that the record revealed no circumstances demonstrating that defendant was unfavorably prejudiced by the trial court's denial of petitioner's motion to sever. Id.

A federal district court may not grant relief to a habeas petitioner challenging the state trial court's denial of a motion to sever unless the petitioner "can establish that the failure to grant severance rendered the trial fundamentally unfair." Hollins v. Dept. of Corr., State of Iowa, 969 F.2d 606, 608 (8th Cir. 1992) (quotation omitted). Fundamental unfairness can be shown where the lack of severance prevents the jury from making a reliable determination of guilt or innocence. Hood v. Helling, 141 F.3d 892, 896 (8th Cir. 1998).

The Court agrees with the state court's finding that the offenses were discrete and uncomplicated and that the jury was not likely to be confused by the evidence. And petitioner's argument that the jury must not have believed Cooper's testimony regarding the burglary and, therefore, the jury could not have believed Cooper's testimony relating to the tampering of the Wright vehicles is without merit. A jury is permitted to believe all, some, or none of a witness's testimony. E.g., 8th Circuit Model Civil Jury Instruction 3.03. As a result, petitioner has failed to establish that the trial court's failure to grant his motion to sever rendered the trial fundamentally unfair, and petitioner is not entitled to habeas relief on ground one of the petition.

## II. Ground Two

Petitioner argues that his trial counsel was ineffective because he failed to investigate and call at trial plaintiff's alibi witnesses.

During the sentencing hearing, the following colloquy took place after petitioner had been sworn in by the court:

> THE COURT: You, uh, let me ask you, are you satisfied with the legal representation that Mr. Hoskins provided to you?
>
> PETITIONER: Yes.
>
> THE COURT: Did he basically do everything that you asked him to do in representing you as to these charges?

| | | |
|---|---|---|
| PETITIONER: | Yes. | |
| THE COURT: | Did you have ample opportunity to discuss your case with him before the case went to trial? | |
| PETITIONER: | Yes. | |
| THE COURT: | And there were no witnesses called on your behalf at trial, is that correct? | |
| PETITIONER: | Yes. | |
| THE COURT: | Did you ask Mr. Hoskins to call any witnesses that he refused to call for you? | |
| PETITIONER: | No. | |
| THE COURT: | Did he do anything during the course of your, of him representing you that you did not agree with? | |
| PETITIONER: | No. | |
| THE COURT: | Are you completely satisfied with his representation of you? | |
| PETITIONER: | Yes. | |

Resp. Exh. E at 11-12.

Petitioner first alleged the existence of alibi witnesses and argued that trial counsel was ineffective for failing to call them in his amended Rule 29.15 motion. Resp. Exh. I at 22. Petitioner's original 29.15 motion, filed pro se, did not contain any allegations or arguments pertaining to alibi witnesses. Resp. Exh. I at 3-8. Petitioner

filed the amended Rule 29.15 motion on June, 2, 2004: more than three months after he filed the original 29.15 motion and more than nineteen months after his jury trial.

Because petitioner testified under oath during the sentencing hearing that he did not identify any witnesses to trial counsel, and because petitioner did not allege that any alibi witnesses existed until more than nineteen months after his trial, the Court concludes that petitioner's assertion regarding the existence of alibi witnesses is disingenuous and is not entitled to any weight. Consequently, petitioner is not entitled to habeas relief on this ground.

Additionally, the Court has reviewed the state courts' application of Strickland to this issue and finds no error warranting habeas relief. In order to prevail on a claim of ineffective assistance of counsel on direct appeal, a defendant must show that counsel's performance was deficient and prejudicial. Underdahl v. Carlson, 381 F.3d 740, 742 (8th Cir. 2004). But to prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state appellate court] applied Strickland to the facts of his case

in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002) (internal citation omitted); Underdahl v. Carlson, 381 F.3d at 742 (8th Cir. 2004).

The state appellate court did not apply Strickland to the facts of petitioner's case in an objectively unreasonable manner. The state court considered the relevant factors to both petitioner's claim of failure to investigate and of failure to call witnesses at trial. On petitioner's claim of failure to investigate, the court found that petitioner never informed his trial counsel of the existence of alibi witnesses and that it was not unreasonable for trial counsel to rely on petitioner's statements when determining what defenses to pursue at trial. Hufford, 201 S.W.3d at 539. On petitioner's claim of failure to call witnesses, the court properly considered whether petitioner was prejudiced by the failure to call his alleged alibi witnesses. The court found no prejudice because petitioner's witnesses gave conflicting testimony, because it was sound strategy to keep them out of the courtroom, and because ultimately they would not have helped petitioner's case. Id. at 538-39. The Court, therefore, finds no fault in the state court's application of Strickland to petitioner's case. As a result, petitioner is not entitled to habeas relief on ground two of the petition.

## III. Ground Three

Petitioner argues that his appellate counsel was ineffective for failing to include in the appeal all issues of merit.

This ground is too vague to warrant habeas relief. Petitioner does not identify any of the issues that he believes had merit but were not included in the appeal. The Court will not hypothesize as to what the issues may or may not have been. Consequently, petitioner is not entitled to habeas relief on ground three of the petition.

## IV. Ground Four

Petitioner argues that trial counsel was ineffective for failing to object to the prosecutor's evidence of petitioner's prior bad acts, i.e., by stating in opening argument that petitioner had been found in the Malden City Jail.

During the pretrial hearing, the trial court granted petitioner's motion in limine preventing the prosecutor from introducing evidence of petitioner's prior bad acts. During opening statement, the prosecutor told the jury that the police officers who were investigating the burglary found petitioner in Malden City jail. Resp. Exh. C at 69. Petitioner claims that he was in Malden City jail as a result of the investigation of the Henson house burglary. Petitioner argues that the statement of the prosecutor that he was found in Malden City jail was seen by the jury as evidence of prior bad acts.

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation

marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Petitioner did not raise ground four on direct appeal. Resp. Exh. F at 15-22. As a result, ground four is procedurally defaulted and petitioner is not entitled to habeas relief on this ground.

Additionally, this ground fails on the merits. Demonstrating that counsel was unconstitutionally ineffective is very difficult where petitioner is challenging counsel's strategy rather than counsel's failure to investigate: "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland v. Washington, 466 U.S. 668, 690 (1984). Counsel's decision not to object to the prosecutor's off-hand comment regarding petitioner's presence in the Malden City jail is a reasonable strategic decision. If counsel were to have objected, petitioner's presence in Malden City jail may have been emphasized and the jury may have attributed greater significance to this fact. Additionally, petitioner has failed to demonstrate any logical connection between the prosecutor's statement regarding petitioner's presence in the jail and the jury's verdict. As a result, petitioner has failed to demonstrate that counsel was ineffective under Strickland, and petitioner is not entitled to habeas relief on ground four of the petition.

For all of these reasons, petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied. Furthermore, as petitioner has failed to make a substantial showing of the denial of a constitutional right the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this   29th   day of August, 2008.

                                    /s/ Terry I. Adelman
                              UNITED STATES MAGISTRATE JUDGE